# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

KATHLEEN J. SEBECK-MARQUEZ,    )
                             )
                 Plaintiff,     )
                             )
    vs.                        )
                             )
NANCY A. BERRYHILL, Acting      )
Commissioner of Social Security,     )
                             )
                Defendant.    )
——————————————————————)

Case No.:  2:16-cv-02043-GMN-GWF

**ORDER**

      Pending before the Court are the Motion for Judgment on the Pleadings ("Plaintiff's Motion"), (ECF No. 25), filed by Plaintiff Kathleen J. Sebeck-Marquez ("Plaintiff"), and the Cross-Motion to Affirm, (ECF No. 30), filed by Defendant Nancy A. Berryhill ("Defendant"). These motions were referred to the Honorable George Foley, Jr., United States Magistrate Judge, for a report of findings and recommendations pursuant to 28 U.S.C. §§ 636 (b)(1)(B) and (C). On July 18, 2018, Judge Foley entered the Report and Recommendation ("R&R"), (ECF No. 31), recommending Plaintiff's Motion for Judgement on the Pleadings be denied and Defendant's Cross-Motion to Affirm be granted.  Plaintiff filed her Objection to the R&R, (ECF No. 34), on August 1, 2018.  Defendant did not file a response.

## I.    <u>BACKGROUND</u>

      Pursuant to Title II of the Social Security Act, Plaintiff applied for disability insurance benefits on February 20, 2013, alleging a period of disability from July 1, 2012 to December 31, 2012, resulting from lupus, severe back pain, severe joint pain, fatigue, and depression. (Admin. Record 125, 162).  The Social Security Administration denied Plaintiff's claim, (*Id.* 74–77), as well as her request for reconsideration, (*Id.* 81–85).

At Plaintiff's requested hearing before an Administrative Law Judge ("ALJ") on January 15, 2015, the ALJ applied the five-step sequential evaluation process established by the Social Security Administration to determine whether Plaintiff was disabled.[1] (*Id.* 12–19). At step two, the ALJ found that Plaintiff had degenerative disc disease and lupus during the relevant period. (*Id.* 14). At step three, the ALJ concluded that Plaintiff's impairments were not medically equivalent to any condition under 20 CFR Subpt. P. App. 1. (*Id.* 15). In assessing Plaintiff's residual functional capacity ("RFC") at the beginning of step four of the analysis, the ALJ determined that Plaintiff's testimony about her disability was not credible. (*Id.* 16–18). Based on the credibility finding and the medical evidence in the record, at step five of the analysis, the ALJ determined that there were several occupations that Plaintiff could hold in the national economy, and, therefore, Plaintiff was not disabled. (*Id.* 16–19).

Following the ALJ's decision, Plaintiff filed a Request for Review, which the Appeals Council denied. (*Id*. 1–6). Subsequently, Plaintiff filed her Complaint, (ECF No. 1), before this Court seeking a reversal of the ALJ's decision.

## II. <u>LEGAL STANDARD</u>

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a *de novo*

---

[1] The five-step sequential evaluation procedure, during which a finding at any step that a claimant is disabled or not disabled concludes the assessment, is as follows: Under the first step, the Secretary determines whether a claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 416.920(b). If so, the claimant is not considered disabled. *Id.* § 404.1520(b). Second, the Secretary determines whether the claimant's impairment is severe. *Id.* § 416.920(c). If the impairment is not severe, the claimant is not considered disabled. *Id.* § 404.152(c). Third, the claimant's impairment is compared to the "List of Impairments" found at 20 C.F.R. § 404, Subpt. P, App. 1. The claimant will be found disabled if the claimant's impairment meets or equals a listed impairment. *Id.* § 404.1520(d). If a listed impairment is not met or equaled, the fourth inquiry is whether the claimant can perform past relevant work. *Id.* § 416.920(e). If the claimant can engage in past relevant work, then the claimant is not disabled. *Id.* § 404.1520(e). If the claimant cannot perform past relevant work, but the Secretary demonstrates that the claimant is able to perform other kinds of work, the claimant is not disabled. *Id.* § 404.1520(f). Otherwise, the claimant is entitled to disability benefits. *Id.* § 404.1520(a).

determination of those portions of the R&R to which objections are made. *Id.* The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b).

A federal court's review of an ALJ's decision on social security disability is limited to determining only (1) whether the ALJ's findings were supported by substantial evidence, and (2) whether the ALJ applied the proper legal standards. *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996); *Delorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).

## III.   **DISCUSSION**

Plaintiff raises two arguments in support of her Objection. First, Plaintiff argues the ALJ failed to properly weigh the medical opinion evidence in the record and therefore improperly determined her RFC. (Obj. 2–8, ECF No. 36). Second, Plaintiff alleges that the ALJ failed to properly evaluate her credibility. (*Id.* at 8).

### a.   **Weight of Medical Evidence**

A treating physician's medical opinion about the nature and severity of a claimant's impairments is given controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(c)(2). Even if the opinion is not given controlling weight, it is generally "entitled to greater weight than the opinion of a non-examining physician." *Id. See also Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). The weight given to non-examining physicians' opinions depends on "the degree to which they provide supporting explanations for their medical opinions." 20 C.F.R. § 404.1527(c)(3). While a physician's opinion about the

claimant's impairments is critical, a determination that the impairments rise to the level of a disability is reserved for the ALJ. *See* 20 C.F.R. § 404.1527(e)(1).

Plaintiff objects to the ALJ's RFC determination on two grounds. First, she argues the ALJ wrongly disregarded, or at least did not properly weigh, Dr. Tang's 2014 statement that she believed Plaintiff's disability began before the relevant period. (Obj. 3–4, 6–8). Second, Plaintiff contends that her ability to engage in some physical activity when performing daily household tasks during the relevant period does not justify disregarding Dr. Tang's 2014 statement. (*Id.* at 4–6).

Although Dr. Tang provided statements in 2013 and 2014 asserting that Plaintiff was disabled from July–December of 2012, (Admin. Record 311, 352, 354–358), the ALJ properly acted within its discretion to give the statements little weight because contemporaneous treatment records do not support the severity of Dr. Tang's claims about Plaintiff's condition. (*Id.* at 16–19). The treatment records from July through December of 2012 demonstrate that there was nothing rising to the level of a disability noted about Plaintiff in her physical examinations during the time of the alleged disability. (*Id.* at 257–265). The ALJ properly concluded that Dr. Tang's *post-hoc* opinions are supported with little explanation, (*Id.* at 16–19), and they are contradicted by the opinions of the state agency's reviewing physicians. (*Id.* at 58–61, 70). The reviewing physicians concluded that there was not enough evidence in the record for the reviewing physicians to fully evaluate the disability claim. (*Id.*). Therefore, in light of the treatment notes contemporaneous with the time of Plaintiff's alleged disability and the reports of the agency's physicians, the ALJ's conclusion that Plaintiff did not meet her burden to establish disability is supported by substantial evidence.

### b. Credibility

The ALJ also properly evaluated Plaintiff's credibility. Determining the credibility of a claimant's testimony about her subjective symptoms is a two-step process. *Lingenfelter v. Astrue*,

504 F.3d 1028, 1035–36 (9th Cir. 2007). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* at 1036 (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)). "Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Id.* (quoting *Smolen*, 80 F.3d at 1281).

Plaintiff does not provide the Court an adequate basis to reject the ALJ's credibility finding because her descriptions of her disability are contradicted by the treatment notes in the Administrative Record. Plaintiff argues that her testimony may not be disregarded "solely because [it is] not substantiated by objective medical evidence." (Obj. 9, ECF No. 34) (emphasis omitted). However, even if the ALJ had not considered Plaintiff's ability to perform routine household tasks as she claimed, the treatment notes in the record directly contradict Plaintiff's statements and provide clear and convincing reasons for the ALJ to find that Plaintiff's statements are not credible. (Admin. Record 16–19). Accordingly, Plaintiff's Objection to Judge Foley's R&R is overruled.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 31), is **ACCEPTED and ADOPTED in full** to the extent it is consistent with this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Judgment on the Pleadings, (ECF No. 25), is **DENIED**, and Defendant's Cross-Motion to Affirm, (ECF No. 30), is **GRANTED**.

//

//

//

The Clerk of the Court shall enter judgment accordingly and close the case.

**DATED** this 28 day of September, 2019.

_____
Gloria M. Navarro, District Judge
United States District Court